**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RODERICK DEWHAWN STEWART,**

                **Petitioner,**

    **v.**                                            **CASE NO. 16-3212-JWL**

**N.C. ENGLISH,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is serving a 160-month federal sentence at the United States Penitentiary, Leavenworth, Kansas. He challenges the execution of that sentence.

**Background**

On March 31, 2010, Arkansas state authorities arrested petitioner for possession of cocaine with intent to deliver and unauthorized use of another person's property to facilitate certain crimes.  The matter was assigned Case No. CR-10-1946. On April 1, 2010, the Pulaski County Circuit Court released him on bond. (Doc. #7, Attach. 1, Ex. F.)

On May 18, 2010, Arkansas state authorities again arrested petitioner on warrants related to the earlier case. At that time, petitioner also faced charges in five other criminal cases in the Pulaski County Circuit Court: CR-10-2076, CR-10-70, CR-10-3752, CR-10-984, and CR-10-35. *Id*., Exs. G-H.

On September 16, 2010, petitioner was sentenced in the state court to terms of 120 months in CR-10-70, 12 months in CR-10-984, and

180 months in CR-10-1946. The state court granted 146 days of jail credit. Two cases, CR-10-2076 and CR-10-35, were not prosecuted. *Id*.

On November 18, 2010, petitioner was sentenced to a term of 120 months in Case No. CR-10-3752. The Pulaski County Circuit Court ordered the sentences imposed in Case Nos. CR-10-70, CR-10-1946, and CR-10-3752 to run concurrent to that sentence and credited petitioner with 275 days of jail time credit. *Id*., Exs. G-H.

On April 6, 2011, federal authorities filed an indictment in *United States of America v. Roderick Deshawn Stewart*, 4:11-cr-00078-BRW (E.D. Ark.). On the following day, the Eastern District of Arkansas issued a warrant for petitioner's arrest. *Id*., Ex. J.

On April 12, 2011, the Eastern District of Arkansas issued a writ of habeas corpus ad prosequendum for petitioner. Beginning on April 27, 2011, petitioner was borrowed from state custody pursuant to that writ. *Id*., Exs. K-L.

On June 1, 2012, petitioner was sentenced to a federal term of 160 months for distribution of cocaine base. The Eastern District of Arkansas ordered the sentence to run concurrently with the undischarged state sentence. *Id*., Ex. M.

On June 6, 2012, the United States Marshals Service ("USMS") returned petitioner to the custody of Arkansas state authorities and placed the federal judgment and commitment order as a detainer. The federal Bureau of Prisons ("BOP") designated the Arkansas Department of Corrections as the place where petitioner commenced his federal sentence. *Id*., Ex. N.

On March 13, 2014, petitioner was released on parole from his Arkansas state sentence to the custody of the USMS. *Id*., Ex. O.

His projected release date from his federal sentence is September 11, 2023, by a good conduct time release. *Id.*, Ex. B.

### Issue

Petitioner seeks credit on his federal sentence from March 30, 2010, through June 5, 2012.

### Discussion

A federal court may grant habeas corpus relief to a prisoner who shows he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Attorney General is responsible for computing a prisoner's sentence under 18 U.S.C. § 3585 and has delegated that authority to the federal Bureau of Prisons ("BOP"). *See United States v. Wilson*, 503 U.S. 329, 335 (1992)("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

The BOP commences a federal sentence on "the date on which [the prisoner] is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The sentence begins no earlier than the date of its imposition. *Id*. Credit under § 3585 is available only when the prisoner is under "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989).

Under 18 U.S.C. § 3585(b) and the BOP's Program Statement 5880.28, *Sentence Computation Manual (CCCA OF 1984)*, a federal prisoner may not receive credit for time that is counted on another

sentence.

Section 3585(b) provides:

(b) **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

However, under a rule established in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), when non-federal and federal sentences are running concurrently, a prisoner may receive credit for time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence, either state or federal, begins. Such credit also may be counted to a concurrent federal sentence if the application to the state sentence was of no benefit to the prisoner.

Here, petitioner's federal offense commenced on March 30, 2010. Although he received credit on his state sentence for the time in presentence custody after the date of the federal offense, he received no benefit, because the federal and state sentences were concurrent, and the raw, federal full-term sentence was greater than the raw, state full-term sentence. Petitioner therefore was awarded *Willis* time credit for time in presentence custody following the date of his arrest on the federal offense, March 31, 2010, through April 1, 2010, when

he was released on bond; and from May 18, 2010, when he was arrested after release on bond, through September 15, 2010, the day prior to his sentencing in Arkansas state case no. CR-10-1946. (Doc. #7, Attach. 1, Ex. B.)

Petitioner received no credit for March 30, 2010, and for April 2, 2010, through May 17, 2010, because he was not in custody on those dates.

Petitioner is not entitled to credit for the period from September 16, 2010, through May 31, 2012, because that time was credited to his Arkansas state sentence. Under 18 U.S.C. § 3585(b), he may receive credit on only one sentence.

Finally, petitioner is not entitled to federal sentence credit for the time from June 1, 2012, to June 5, 2012, when he was in the custody of the USMS under the writ of habeas corpus ad prosequendum. The BOP's Program Statement No. 5880.28 provides that time in custody under such a writ is not countable because the primary reason for such custody is not the federal charge; rather, in these circumstances, the prisoner is borrowed from the sovereign having primary custody. *Id.*, Ex. E at p. 45.

## Conclusion

The Court has examined the record and concludes petitioner's sentence was correctly calculated by the BOP. Petitioner is not entitled to relief in habeas corpus.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is denied.

**IT IS SO ORDERED.**

DATED:   This 27th day of February, 2017, at Kansas City, Kansas.


                                    s/ John W. Lungstrum
                                    JOHN W. LUNGSTRUM
                                    U.S. District Judge